IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAVIER LEDESMA GONZALEZ,<br>    Petitioner, | Civil Action No. 7:06cv00699 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Javier Ledesma Gonzalez, a federal inmate proceeding pro se, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging the validity of his conviction for conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846. However, Gonzalez's motion is barred by the one-year state of limitations for filing a § 2255 motion. Accordingly, the court dismisses Gonzalez's motion as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.[1]

I.

On May 26, 2005, Gonzalez pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. This court entered a final judgment in his criminal case on August 12, 2005, sentencing him to 70 months in prison followed by five years of supervised release. Gonzalez did not pursue a direct appeal. On November 20, 2006, Gonzalez submitted the instant motion.[2]

---

[1] Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, a district court may dismiss a § 2255 motion without requiring an answer if it plainly appears from the face of the motion, the annexed exhibits, and prior proceedings in the case that the movant is not entitled to relief.

[2] The court received and docketed his motion on November 27, 2006. However, an inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th Cir. 1991). Therefore, for purposes of the statute of limitations, even if the court assumes that Gonzalez submitted his motion to prison officials the same day he signed it, it is still untimely filed.
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 29 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

In his § 2255 motion, Gonzalez claims that his plea was not knowing and voluntary, that counsel misled him as to the potential sentence he faced, and that counsel was ineffective in failing to file an appeal.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255, sixth unnumbered paragraph. For purposes of the one-year limitations period for filing motions to vacate, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). If the defendant does not appeal the trial court's judgment, as in this case, the conviction becomes final ten (10) business days after entry of final judgment when petitioner's opportunity to appeal expires. See id.; Fed. R. App. P. 4(b). Accordingly, Gonzalez's conviction became final on August 26, 2005, ten business days after entry of the final judgment in his criminal case, and he had until August 25, 2006 to file a timely § 2255 motion. Gonzalez did not file his motion until after November 20, 2006, more than one year after his conviction became final.

Gonzalez argues that his motion was timely because his "attorney never gave him the legal documents and transcripts of the case." However, he was able to file the instant motion despite his claim that he still has not received these documents. Therefore the court finds no evidence that

2

Gonzalez was prevented from filing a timely § 2255 motion.[3] Furthermore, Gonzalez has failed to allege any facts to show any other circumstances that would toll the statute of limitations. Accordingly, the court finds Gonzalez's § 2255 motion untimely.

### III.

For the reasons stated, the court dismisses Gonzalez's § 2255 motion to vacate, set aside, or correct his sentence as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 29th day of January, 2007.

United States District Judge

---

[3] In his "additional evidence" [Docket #3], Gonzalez claims that he requested his attorney to file an appeal. However, thereafter, he submitted an affidavit [Docket #5] to the court wherein he stated that he did not ask his attorney to file an appeal and further, that he had no contact with his attorney after sentencing. Therefore, the court finds that Gonzalez had no reason to believe that his attorney would file an appeal for him. Accordingly, the statute of limitations on that claim began to run on August 26, 2006 with the rest of his claims.